**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000895
26-OCT-2015
08:34 AM**

NO. CAAP-14-0000895

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BRELIE GAIL BALON TUMANENG, Plaintiff-Appellant, v.
BRIXON ANDRES TUMANENG, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 12-1-7982)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J. and Fujise, J.,
with Ginoza, J. dissenting)

Plaintiff-Appellant Brelie Gail Balon Tumaneng (**Brelie**)
appeals from the "Orders Re Plaintiff's Motion and Declaration
for Post-Decree Relief Filed September 11, 2013" entered on April
14, 2014 in the Family Court of the First Circuit[1] (**family
court**).

On appeal, Brelie contends the family court erred when
it (1) excluded all evidence prior to the April 4, 2013 divorce
decree, which included evidence of abusive conduct and neglect by
Defendant-Appellee Brixon Andres Tumaneng (**Brixon**), and the care
given to the minor child by Brelie and the child's maternal
grandmother; and (2) awarded child custody without making
findings regarding the best interests of the child.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments and the issues raised by the parties, as well as

---

[1] The Honorable Sherri L. Iha presided.

the relevant statutory and case law, we conclude Brelie's appeal is without merit.

## I. Exclusion of Evidence Prior to April 4, 2013

Brelie argues that she should have been permitted to introduce evidence of domestic violence that occurred before the entry of the original April 4, 2013 divorce decree.

In moving to exclude evidence prior to the divorce decree, Brixon relied on Nadeau v. Nadeau, 10 Haw. App. 111, 121, 861 P.2d 754, 759 (1993), which requires the person seeking a change of custody or visitation to "show a material change of circumstances since the previous custody order, and must show that such a change of custody is in the best interest of the child." Upon a finding of a material change, the relevant inquiry is whether the material change itself is sufficient to alter the best interests of the child. See Id. ("The question is, based on what facts did the family court reduce Father's summer visitation from two and one-half months to six weeks?"); Hollaway v. Hollaway, 133 Hawai'i 415, 417-20, 422-23, 329 P.3d 320, 322-25, 327-28 (App. 2014) (focusing on the evidence underlying the family court's finding regarding educational decision-making authority which related to the parents' impasse over their son's education--the material change in circumstance justifying modification). Thus, Brelie was required to show that the evidence of domestic violence prior to the divorce decree was related to Brixon's pending relocation to Arizona. Brelie did not show such a relation. Therefore, there is no basis to find that the family court committed plain error. Doe v. Doe, 98 Hawai'i 144, 154, 44 P.3d 1085, 1095 (2002).

Brelie asserts that the family court's ruling was erroneously based on the principles of res judicata. However, the family court's ruling was based on the relevance of the evidence under Hawaii Rules of Evidence (**HRE**) Rule 402.[2]

---

[2]     HRE Rule 402 provides:

> **Rule 402   Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawai'i,

(continued...)

## II. Best Interests of the Child Finding

Brelie argues the family court failed to make any findings regarding the best interests of the child, both in the oral rulings of the court and in the court's written orders. In its "Findings of Fact and Conclusions of Law," the family court stated:

### CONCLUSIONS OF LAW

1. Based upon the reliable and credible evidence including the exhibits admitted into evidence, the testimony of the parties and witnesses and the argument of counsel, The Court finds that it is the best interest of the minor child that the parties are awarded joint legal custody and sole physical custody to [Brixon] with reasonable visitation to [Brelie]. If parties reside in the same jurisdiction they will share joint physical custody.

. . . .

4. However, even if [Brixon's] reassignment outside of Hawaii was not contemplated and the Court were to find that this was a Material change in Circumstance, the Court finds that it is in the Child's best interest to live with [Brixon].

Brelie clarifies in her reply brief that the family court's conclusions were objectionable because they were categorized under "Conclusions of Law" (**COL**) rather than "Findings of Fact" (**FOF**).

COL 6 stated "To the extent that any [FOF] herein may be a [COL], it shall be so construed. To the extent that a [COL] herein may be a [FOF], it shall be so construed." Even without COL 6, the family court's determination that it was within the child's best interests to be placed with Brixon was a mixed question of law and fact. In re Doe, 95 Hawai'i 185, 190, 20 P.3d 616, 623 (2001). The family court's characterization of its determination as a "COL" rather than a "FOF" does not mean the family court "awarded custody of the child without making any findings regarding the best interest of the child[,]" as Brelie contends. As such, the family court's determination of the best

[2](...continued)
by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

interest of the child was not clear error.  <u>Fisher v. Fisher</u>, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006).

Therefore,

IT IS HEREBY ORDERED that the "Orders Re Plaintiff's Motion and Declaration for Post-Decree Relief Filed September 11, 2013" entered on April 14, 2014 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 26, 2015.

On the briefs:

Charles H. Brower
for Plaintiff-Appellant.

Richard J. Diehl
(Diehl & Weger)
for Defendant-Appellee.

Presiding Judge

Associate Judge

4